## Erastus Nichols v. Dexter L. Hunton & a.

A partial failure of consideration, though not a defence in an action at common law, except where the amount to be deducted is a mere matter of computation, is made by statute a good defence in all cases where a total failure would be a defence.

This statute applies to causes of action existing at its passage, if the action is brought afterwards.

Assumpsit on a note for $75, dated Oct. 6, 1860, signed by the defendants, payable to Henry T. Nichols, or order, in ninety days, and endorsed by him. On the note two payments were endorsed of $15 and $10. It was admitted that the note was open to any defence, that would have availed against the original payee. The defendants introduced evidence tending to show that the defendant, Dexter L. Hunton, early in April, 1860, bought a horse of Henry T. Nichols; that said Nichols, at the time of the sale, made material and false representations concerning the soundness and quality of the horse; as an inducement to the bargain, he said the horse was sound, kind, and adapted to the business in which said Dexter proposed to use him, and if he was not so, said Henry T. Nichols would make it all right and take the horse back. In fact, the horse was not sound, not kind, and not adapted to said Dexter's business; and said Henry knew his statements to be false when he made them. At the time of the sale, the defendants gave their note to said Henry for $125, the price of the horse. Said Dexter took the horse and used him a portion of the time for about seven weeks, in a job wagon; at various times he complained to Henry that the horse was not as represented by him, and requested him to take him back, but said Henry, on various pretexts, put him off and did not take the horse back, though he admitted, he ought to take him back, and said he would make it all right and Dexter should lose nothing. All the parties lived at Manchester, and Henry kept a livery stable there. Said Dexter had called at said stable after he bought the horse, having the horse with him. After said seven weeks, Dexter kept the horse at pasture till the date of this note, and then sold the horse to his father in Auburn, for $50, paid said $50 to Henry, took up the first note and gave the note in suit in lieu of it. When this note was given, both defendants were present, and the defendant, Robert L. Hunton, told Henry he ought to throw off something. Henry said he wanted the money to use, and if defendants would give the note for $75, and fifty dollars in money, he would make it all right, when he found out how much would be lost on the horse, and that Dexter should lose nothing.

The defendant, in addition to other positions, claimed that there was evidence, from which the jury might find that there was a failure of consideration to a greater amount than the amount now due upon the note in suit.

The court ordered a verdict for the plaintiff, and the defendants excepted.

The writ was dated Jan. 11, 1862.

*Morrison, Stanley & Clark,* for defendants.

*Parker* and *Johnson*, for plaintiffs.

BELL, C. J.   In *Drew* v. *Towle*, 27 N. H. 412, it was decided that a partial failure of consideration is a good defence to a promissory note, where the amount to be deducted on that account is a matter of mere computation.   It is otherwise, where such amount depends upon the ascertainment of unliquidated damages, and so early as the case of *Earl* v. *Page*, 6 N. H. 477, it was held, that, where a note had been partially paid, a failure of consideration, to a greater amount than the balance unpaid, was a bar to the action.   So, in *Haseltine* v. *Guild*, 11 N. H. 390, a partial failure of consideration was held a good defence *pro tanto* in certain cases ; while it was decided in *Sanborn* v. *Osgood*, Grafton, 1843, that a partial failure of consideration, arising from fraud of a seller, is no defence to a promissory note, unless the entire contract is rescinded.   It may therefore be regarded as settled, that the defence here attempted to be set up is inadmissible at the common law, as it is held in this State.   It is founded in fraud, or an agreement to pay an indefinite and unascertained amount of damages, and it is offered, not merely as a bar to the whole claim, nor to the whole balance supposed to be due, but as a partial defence, if it should not be found sufficient to cover the whole.   But, by the statute of 1861, ch. 2497, passed more than six months before the commencement of this suit, sec. 1, it is enacted, that, whenever in any action upon a bill of exchange or promissory note, a total want of consideration would be a defence, it shall be lawful for the defendant to prove a partial want or failure of consideration in reduction of damages, having first filed a brief statement thereof at such time as the court shall order.

This statute applies to and governs this case, and the defence offered is competent and legal.   The statute does not change the rights of the parties to this contract, because the off-set of the two claims could before be made by circuitous proceedings leading to the same result, which can now be reached directly under this statute.

*Verdict set aside.*